**RHONE–POULENC, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 97–15.
Court No. 95–03–00275.

United States Court of International Trade.

Feb. 4, 1997.

**JUDGMENT**

WALLACH, Judge.

On May 9, 1996, this Court remanded[1] to the Department of Commerce, International Trade Administration ("Commerce"), one issue arising from the anti-dumping determination titled *Final Determination of Sales at Less Than Fair Value: Coumarin From the People's Republic of China,* 59 Fed.Reg. 66895 (Dep't Comm.1994).

Pursuant to the remand order, Commerce filed its *Remand Determination: Rhone–Poulenc, Inc. v. United States* on September 23, 1996. Upon finding errors in the Remand Determination, Commerce filed its *Amended Remand Determination: Rhone–Poulenc, Inc. v. United States* as of October

3, 1996 (the "Amended Remand Results"). In accordance with the remand order, the amended remand results reflect that Commerce reconsidered its valuation of the by-products of coumarin production by Respondents in light of the presence of impurities, recalculated the value of the by-products, and adjusted the subject Chinese exporters' dumping margins accordingly. Commerce was forced to apply best information available in revaluing Tianjin Native Produce Import and Export Corp.'s by-products because of the company's failure to provide information in response to Commerce's remand questionnaire. After recalculation, the margins are as follows:

| | |
|---|---|
| Jiangsu Native Produce Import and Export Corp. | 31.02% |
| Tianjin Native Produce Import and Export Corp. | 70.45% |
| PRC–Wide Rate | 160.80% (no change). |

In Plaintiff's Comments on Amended Remand Determination, filed as of October 7, 1996, Rhone–Poulenc indicated its concurrence with the Amended Remand Results, and asked that they be affirmed by this Court.

For the foregoing reasons, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Amended Remand Results are affirmed; and it is further

**ORDERED, ADJUDGED and DECREED** that, all other issues having been decided, this case is dismissed.

---

1. Familiarity with the Court's opinion of May 9, 1996, which set forth the basis for and substance of the remand, is presumed.